UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE REED MOORE, | No. 2:13-cv-1728 WBS CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| B. DUFFY, et al., | |
| Defendants. | |

    Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. This action is proceeding on a claim arising under the Eighth Amendment against defendant Bick for denial of adequate medical care. ECF No. 15. Specifically, plaintiff alleges defendant Bick, the Chief Medical Officer at the California Medical Facility, denied plaintiff a diet that plaintiff believes is medically necessary. Plaintiff has filed a motion for a preliminary injunction; he asks that the court order that plaintiff be provided with a "post gastrectomy[1] diet."

    A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary injunction . . . is not a preliminary adjudication on the merits but rather a device for preserving the

---

[1] According to Wikipedia, a gastrectomy "is a partial or full surgical removal of the stomach."

1

status quo and preventing the irreparable loss of rights before judgment." Sierra On–Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

With their opposition to plaintiff's motion, defendants provide the affidavit of Dr. N. Aguilera. Dr. Aguilera indicates as follows:

1. Dr. Aguilera has been plaintiff's primary care physician since 2012.

2. Because of the partial removal of plaintiff's stomach, plaintiff suffers from dumping syndrome which causes accelerated gastric emptying that can result in severe diarrhea, fullness, abdominal cramps, and vomiting.

3. Because of his condition, plaintiff requires a special diet and he receives regular evaluations from a registered dietician. A diet has been crafted for plaintiff; he is provided the equivalent of six small meals throughout the day. Plaintiff also receives nutritional supplements containing vitamins and minerals.

4. Dr. Aguilera is of the opinion that plaintiff's current diet provides him with sufficient nutrition to sustain his health and maintain his weight. The opinion is based on the above, the results of testing which are detailed in the affidavit, and the fact that plaintiff has maintained a

/////

/////

/////

weight of approximately 114 pounds since February of 2012 which is within medically acceptable limits given plaintiff's height,[2] and health conditions.

Plaintiff did not file a reply to defendants' opposition to his motion for preliminary injunction.

The court will recommended that plaintiff's motion for a preliminary injunction be denied as, in his motion, plaintiff fails to point to facts indicating that the diet he is being given now is causing him irreparable harm or even that he would benefit from a different diet. He also fails to indicate how the diet he seeks differs from the diet he is now being given.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 25) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 18, 2014

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

---

[1] moor1728pi

[2] Neither party indicates how tall plaintiff is.

3